**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| LORRAINE BAUGH,<br><br>Plaintiff,<br><br>v.<br><br>LT. COL. LUKE WEATHERS, JR., VA Hospital, and UNITED STATES OF AMERICA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-02619-TLP-atc<br><br>JURY DEMAND |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING COMPLAINT AS TO LT. COL. LUKE WEATHERS, JR., VA HOSPITAL, FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

---

In June 2025, pro se Plaintiff Lorraine Baugh sued Lt. Col. Luke Weathers, Jr., of the VA Hospital ("Defendant") based on a "medical mistake" during her knee surgery. (ECF No. 1 at PageID 1, 3.) Defendant moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (ECF No. 9 at PageID 136.) As much as Plaintiff asserted a claim under 42 U.S.C. § 1983, Defendant moved to dismiss it under Rule 12(b)(6). (*Id.*) Plaintiff then filed a Response. (ECF No. 13.) And Defendant's Reply opposed Plaintiff's Response on the grounds that it did not respond to the Motion to Dismiss. (ECF No. 14 at PageID 151.)

Under Administrative Order 2013-05, the Court referred Plaintiff's case to Magistrate Judge Annie T. Christoff ("Judge Christoff") for management of all pretrial matters. Judge

Christoff issued a Report and Recommendation ("R&R"), which concluded that the Court should dismiss Plaintiff's Complaint as to Defendant. (ECF No. 16 at PageID 153.)

Separately, Judge Christoff ordered Plaintiff to amend her Complaint to add the United States as a defendant.[1] (*Id.* at PageID 153, 159.) She entered the Order to Amend because Plaintiff likely intended to sue Defendant based on the Federal Tort Claims Act (FTCA). (*Id.* at PageID 159.) Believing that Judge Christoff's Order to Amend was part of the R&R, Defendant filed an Objection "only to" that Order. (ECF No. 22 at PageID 162.) Because no Party objected to the R&R, the Court reviews it for clear error.

The R&R correctly recommended that this Court dismiss Plaintiff's claims against Defendant. (*See* ECF No. 16 at PageID 159.) And as the Court explains, Defendant's Objection to Judge Christoff's Order to Amend is not a proper objection to the R&R. (*See* ECF No. 22.)

The Court therefore **ADOPTS** the R&R. It **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITH PREJUDICE** each of Plaintiff's claims against Defendant.

## BACKGROUND

To rule on Defendant's Motion, this Court must "accept as true well-pleaded factual allegations" in Plaintiff's Complaint. *See White's Landing Fisheries, Inc. v. Ohio Dep't of Nat. Res., Div. of Wildlife*, 174 F.4th 493, 497 (6th Cir. 2026). The Court next recounts Plaintiff's allegations.

This lawsuit concerns Defendant's "medical mistake" during Plaintiff's knee surgery. (ECF No. 1 at PageID 3.) Plaintiff notes that although she walked into the Hospital for her surgery, she has "not walked since." (*Id.*) And she has had "complication[s] from the beginning," including an infection and kidney failure. (*Id.*) Plaintiff seems to allege that the

[1] In this Order, "Defendant" refers only to the VA Hospital and not to the United States.

medical staff had to "go back in" three times during the surgery and the "situation never changed," so Plaintiff now "cannot walk" and she seeks compensation. (*Id.*)

Using a standard form complaint to sue under 42 U.S.C. § 1983, Plaintiff sued Defendant on June 18, 2025. (ECF No. 1 at PageID 1.) On September 11, 2025, Defendant moved under Rule 12(b)(1) to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (ECF No. 9 at PageID 136.)

In its Motion, Defendant argued that sovereign immunity bars Plaintiff's FTCA claim because the FTCA waives the United States' immunity, not federal agencies' immunity. (*Id.* at PageID 138.) And if Plaintiff asserted a claim based on 42 U.S.C. § 1983, Defendant also moved to dismiss it based on Rule 12(b)(6). (*Id.* at PageID 136.) According to Defendant, Plaintiff failed to state a claim because Defendant acts under color of federal rather than state law. (*Id.* at PageID 140–41.)

On December 8, 2025, Judge Christoff ordered Plaintiff to show cause after failing to respond timely to Defendant's Motion. (ECF No. 10 at PageID 145.) And on January 12, 2026, Judge Christoff again ordered Plaintiff to show cause because she still had not responded to Defendant's Motion or the first Order to Show Cause. (ECF No. 12 at PageID 146.)

That day, Plaintiff filed a Response describing Defendant's alleged conduct during her knee surgery and her subsequent health problems. (ECF No. 13 at PageID 148.) Defendant replied that Plaintiff waived "any argument against dismissal of this case" because her Reply did not respond to arguments in the Motion to Dismiss. (ECF No. 14 at PageID 150–51.)

## THE R&R

Judge Christoff's R&R first discussed Plaintiff's Complaint. (ECF No. 16 at PageID 154.) Despite Plaintiff's use of a "Court-provided template" to sue under 42 U.S.C. § 1983,

Judge Christoff noted that Plaintiff's allegations "suggest that her claims more likely sound in tort." (*Id.*) The R&R then discussed the legal standards that govern Defendant's Motion to Dismiss based on Rules 12(b)(1) and 12(b)(6) and a complaint filed pro se. (*Id.*)

Judge Christoff then agreed with Defendant's claim that the Court lacks subject matter jurisdiction because Defendant cannot be sued absent "consent." (*Id.* at PageID 157 (citation modified).) While a plaintiff must assert an FTCA claim against the United States as the "sole defendant," Plaintiff sued Defendant instead. (*Id.* at PageID 157–58 (citation modified).)

The R&R also concluded that Plaintiff failed to state a section 1983 claim against Defendant. (*Id.* at PageID 158.) Indeed, Judge Christoff noted that Plaintiff did not identify "a violation of a right secured by federal law." (*Id.*) And she found that Defendant, as a federal agency, is not subject to suit under section 1983. (*Id.* at PageID 159.)

After filing the R&R, Judge Christoff ordered Plaintiff to amend her Complaint to name the United States as a defendant by September 2, 2026. (*Id.*) Judge Christoff's Order to Amend, though in the same electronic court filing as the R&R, is not part of the R&R. (*See id.* at PageID 153, 159.) After Judge Christoff entered her Order to Amend, Plaintiff timely filed an Amended Complaint. (ECF No. 21.)

In her Amended Complaint, Plaintiff added the United States as a defendant. (*Id.* at PageID 161.) But in this Order, the Court does not address Plaintiff's Amended Complaint or its claims against the United States. (*See id.*) It addresses only Defendant's Motion to Dismiss and the R&R. (ECF Nos. 9, 16.)

Below, the Court first identifies the relevant legal standards. It then explains why it adopts the R&R and grants Defendant's Motion. The Court also explains that Defendant

objected to the Order to Amend, not the R&R, so the Court does not consider its challenge to the Order.

## LEGAL STANDARD

While Defendant moved to dismiss Plaintiff's claims "based on both Rules 12(b)(1) and (6)," this Court must "consider the 12(b)(1) motion first." *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *see also White's Landing*, 174 F.4th at 499. A party that moves to dismiss a complaint under Rule 12(b)(1) may mount a "facial attack" on the Court's jurisdiction. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (emphasis removed). In that case, that party "questions the sufficiency of the pleading." *Id.* And the Court must take as true the allegations in the complaint. *Id.*

To survive a motion to dismiss based on Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Donaldson v. DeJoy*, 2024 WL 3493870, at *2 (6th Cir. May 1, 2024) (citation modified). A claim is facially plausible if the plaintiff has pleaded enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). Here, the Court assesses the Complaint's "facial sufficiency" "without resort to matters outside the pleadings." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

This Court must "liberally construe[]" pro se plaintiffs' pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified). But pro se plaintiffs must still plead enough "factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (emphasis removed) (citation modified).

A magistrate judge may submit to a district judge proposed findings of fact and recommendations for deciding pretrial matters, including a motion to dismiss for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

If no party objects to the R&R, the district court reviews it for clear error. Fed. R. Civ. P. 72(b) advisory committee note (1983). As explained below, no party objected after Judge Christoff entered her R&R on August 5, 2026, so this Court reviews the R&R for clear error. (*See* ECF No. 16.)

**DISPOSITION**

First, the Court explains why it agrees with Judge Christoff that sovereign immunity bars Plaintiff's FTCA claim against Defendant. (*See* ECF No. 16 at PageID 157–58.) Second, the Court shows that Judge Christoff correctly recommended dismissal of Plaintiff's section 1983 claim against Defendant under Rule 12(b)(6). (*Id.* at PageID 158–59.) Because Defendant could not object to Judge Christoff's Order to Amend, the Court does not address its challenge to the Order. (*See* ECF No. 22.)

For the reasons below, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant.

## I. Motion to Dismiss

### A. Sovereign Immunity Bars Plaintiff's FTCA Claim Against Defendant

The Court agrees with Judge Christoff that federal sovereign immunity bars Plaintiff's FTCA claim against Defendant. (*See* ECF No. 16 at PageID 157–58.) Judge Christoff reasoned that the FTCA waives sovereign immunity only for the United States and not for federal

agencies. (*Id.*) Because Plaintiff sued Defendant, a U.S. agency, federal sovereign immunity bars Plaintiff's claim. (*Id.* at PageID 158.)

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Mynatt v. United States*, 45 F.4th 889, 894 (6th Cir. 2022) (citation modified). The FTCA "remove[s] the sovereign immunity of the *United States* from suits in tort." *Id.* (emphasis added) (citation modified). But it does not "remove the sovereign immunity" of U.S. agencies. *See id.* So a plaintiff may bring an FTCA claim only "against the United States." *Curtis v. Bureau of Alcohol, Tobacco & Firearms*, 849 F.2d 1472 (6th Cir. 1988) (unpublished table decision); *see also* 28 U.S.C. § 2679(a) ("The authority of any federal agency to . . . be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title[.]"); *id.* § 1346(b)(1) ("[D]istrict courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States[.]").

Federal sovereign immunity thus bars Plaintiff's FTCA claim against Defendant. The FTCA does not waive U.S. agencies' sovereign immunity and Plaintiff has failed to show that another exception pierces Defendant's sovereign immunity. (*See Mynatt*, 45 F.4th at 894; *see also* ECF Nos. 1, 13.) After all, sovereign immunity is a jurisdictional issue and Plaintiff failed to show that jurisdiction exists. *See White's Landing*, 174 F.4th at 499.

Because an amendment would not help Plaintiff assert an FTCA claim against Defendant and Judge Christoff already allowed her to sue the United States, this Court dismisses with prejudice Plaintiff's claim against Defendant. (*Wershe v. City of Detroit*, 112 F.4th 357, 372 (6th Cir. 2024) ("Dismissal with prejudice is appropriate when the complaint could not be saved by an amendment." (citation modified)); *see also* ECF No. 16 at PageID 159.) Finding no error in the R&R, the Court **ADOPTS** Judge Christoff's recommendation and **DISMISSES WITH**

**PREJUDICE** Plaintiff's FTCA claim against Defendant.

### B. Plaintiff Failed to State a Section 1983 Claim Against Defendant

Defendant also moves the Court to dismiss Plaintiff's section 1983 claim based on Rule 12(b)(6). (ECF No. 9 at PageID 138–39.) Because Plaintiff filed a Complaint using a standard form template for suits based on section 1983, it is "unclear" whether she intended to assert this claim. (*See id.*; *see also* ECF No. 1 at PageID 1.) Judge Christoff correctly reasoned that even if she did assert the claim, this Court should dismiss it. (ECF No. 16 at PageID 158–59.)

To plead a section 1983 claim, a plaintiff must "identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff did not allege the infringement of any right, so she failed to state a claim. (*See id.*; ECF No. 1 at PageID 1–3.)

What is more, Plaintiff also failed to state a section 1983 claim because she did not allege that Defendant acted "under color of state law." (*Ana Leon T. v. Fed. Rsrv. Bank of Chi.*, 823 F.2d 928, 931 (6th Cir. 1987); *see also* ECF No. 1 at PageID 1–3.) Defendant is a federal agency that acts under federal law. *See, e.g.*, *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016). Amending the Complaint would not "save[]" it from this defect, either. *See Wershe*, 112 F.4th at 372 (citation modified). Dismissal without prejudice is appropriate. *See id.*

Plaintiff has not pleaded enough "factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Barnett*, 414 F. App'x at 786 (emphasis removed) (citation modified). Seeing no error in the R&R's analysis, the Court **ADOPTS** its recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's section 1983 claim against Defendant.

## II. Order to Amend

Judge Christoff ordered Plaintiff to amend her Complaint to name the United States as a defendant. (ECF No. 16 at PageID 159.) As Judge Christoff indicated in the filing's title,

"Report and Recommendation on Motion to Dismiss and Order to Amend Complaint," the Order to Amend is separate from the R&R. (*See id.* at PageID 153.) The electronic court filing's first paragraph and the subtitle dividing the R&R from the "Order to Amend" indicate the same. (*See id.* at PageID 153, 159.)

Defendant, though, filed an "Objection to Order to Amend Complaint in Report and Recommendation." (ECF No. 22 at PageID 162.) The Order to Amend was in the same filing as the R&R, but it was not part of it. (*See* ECF No. 16 at PageID 153, 159.) While Defendant urges this Court to prevent Plaintiff from amending her Complaint, Judge Christoff had the authority to enter the Order. (28 U.S.C. § 636(b)(1)(A); *cf.* ECF No. 22 at PageID 180.)

**CONCLUSION**

For the reasons explained above, the Court **ADOPTS** the R&R and **GRANTS** Defendant's Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**. This Order does not address Plaintiff's claims against the United States.

**SO ORDERED**, this 23rd day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE